**CHEVY'S INTERNATIONAL, INC., Plaintiff,**

v.

**SAL DE ENTERPRISES, INC., Salvatore DiCarlo and Marguerite DiCarlo, Defendants.**

**No. 87 C 3652.**

United States District Court, E.D. New York.

Sept. 6, 1988.

---

Balogh, Osann, Kramer, Dvorak, Genova and Traub (Harold Traub, Angelo Notaro, of counsel), New York City, for plaintiff.

Ronald A. Hollander, Shukat & Hafer (Dorothy Weber Karlitz, of counsel), New York City, for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Chevy's International Inc. brought this action against Sal De Enterprises, Inc., and two of its officers Salvatore DiCarlo and Marguerite DiCarlo for damages and injunctive relief for alleged violations of federal and New York State trade laws. Both sides have moved for summary judgment, and defendants have made a number of procedural motions.

## I. FACTS

In 1984, plaintiff obtained federal trademark number 1,297,243 for use of the mark "Chevy's" in connection with restaurant services. Plaintiff currently operates five Chevy's facilities in Manhattan in New York City, Tampa, Florida, Fort Lauderdale, Florida, Nashville, Tennessee and Bossier City, Louisiana. Numerous other locations in the United States have seen or will see Chevy's restaurants.

All of the restaurants utilize a 1950s and 1960s "oldies" theme including contemporary music, decor and costumed employees. The trademark is used, not only to identify the restaurant, but also in connection with food and beverage service, souvenirs and the like.

Plaintiff's New York location opened on February 13, 1987. That same month, defendants changed the name of their discotheque in West Islip, New York on Long Island, from "Key Largo" to various appellations all containing the work "Chevy's." Defendants had and continued to utilize a 1950s and 1960s nostalgic theme also. In March and May of 1987, plaintiff claims to have informed the defendants by letter that they were infringing on the registered Chevy's mark. Defendants deny that they received one of the letters and claim the other never reached the desk of president Salvatore DiCarlo.

Defendants say they changed the name of the club to "Bel Aire" in March of 1987. However, the extent to which they continued then and continue now to use the word "Chevy's" in connection with the business is in dispute.

## II. ANALYSIS

### A.

Both sides move for summary judgment on the issue of liability on the federal and state trademark infringement claims.

Federal trademark law makes actionable the unauthorized use of a registered trademark where "such use is likely to cause confusion, or to cause mistake, or to deceive" the consuming public as to the origin of goods or services. 15 U.S.C. § 1114(1)(a). The courts in the Second Circuit employ the familiar factors developed by Judge Friendly in *Polaroid Corp. v. Polaroid Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.), *cert. denied*, 363 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961) in analyzing cases under this standard. Ordinarily, summary judgment on this issue is inappropriate because to find a likelihood of confusion the court must resolve "a question of fact as to the probable or actual reaction of prospective purchasers." *American Int'l Group, Inc. v. London Am. Int'l Corp. Ltd.*, 664 F.2d 348, 351 (2d Cir.1981).

■ In this case, on the one hand, there is substantial similarity between the marks and the services provided by both parties. On the other hand, defendants have submitted evidence that numerous restaurants throughout the country use the name "Chevy's" and have not been sued. This evidence is not inadmissible hearsay. Unauthorized, third-party use of a mark sometimes justifies an inference that the mark has lost its distinctiveness, and therefore is not worthy of protection. *See* 3A Altman, *Callman: Unfair Comp., Trademarks & Monopolies* § 20.44 (1988). Moreover, because the Chevy automobile is a popular image of the 1950s and 1960s, use of that term is not so arbitrary and fanciful (and therefore deserving of greater protection, *see McGregor–Doniger, Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1131 (2d Cir.1979)) as plaintiff suggests.

Under these circumstances, the issue of liability should go to trial. The court reaches the same conclusion on plaintiff's claim that defendants diluted the Chevy's mark under N.Y.Gen.Bus. § 368–d.

### B.

■ The parties have raised issues of fact as to when defendants had notice of the Chevy's registered mark and the extent to which they continued to use a Chevy's mark after notice and indeed after the inception of this lawsuit. Accordingly, the resolution of defendants' contention that plaintiff may not have damages because any infringement was innocent, *see* 15 U.S.C. §§ 1111, 1117, must wait until trial.

### C.

Defendants also move for summary judgment on plaintiff's claim that defendants engaged in "[d]eceptive acts or practices" under N.Y.Gen.Bus. §§ 349(a), (h). This statute was designed to protect consumers from deceptive business practices. Though trademark infringment necessarily involves a degree of consumer deception, the current understanding of section 349 is that it does not apply in trademark cases unless there is "conduct within core areas of traditionally recognized consumer deception." *Id.* practice commentary (Givens 1988) (citing cases).

■ In particular plaintiff alleges that defendants violated section 349 by falsely describing their restaurant as the "Original" Chevy's. In the court's view, that characterization, even if factually incorrect, was standard industry puffing that does not rise to the level of consumer deception. Plaintiff also alleges a violation insofar as defendants disseminated "V.I.P." cards, some of which customers presented at plaintiff's restaurant in Manhattan. The cards are not misleading. They state the name and address of defendants' Long Island location and make no reference to plaintiff's restaurant in Manhattan. Though issuance of the cards may have promoted consumer confusion, it hardly amounted to deception.

### CONCLUSION

Defendants' and plaintiff's motions for summary judgment as to liability on the federal and state trademark claims are denied. Defendants' motion with respect to

damages is denied. Defendants' motion for summary judgment on the claim under N.Y.Gen.Bus. § 349 is granted, and that claim is dismissed.

Defendants' motions to (1) dismiss for failure to join the General Motors Corporation as an indispensable party, (2) bifurcate trial into liability and damages portions, and (3) dismiss as to defendant Marguerita DiCarlo are denied. Defendants' motion to amend its answer is granted, except that defendants shall not plead an affirmative defense plaintiff's failure to join an indispensable party.

So ordered.